**PIONEER SUPPLY COMPANY, a corporation, Plaintiff,**

v.

**AMERICAN METER COMPANY, a Division of Singer Company, a corporation, Defendant.**

No. CIV–78–972–D.

United States District Court, W. D. Oklahoma.

March 29, 1979.

Bill G. Lowe, Oklahoma City, Okl., for plaintiff.

Bruce McClelland, Oklahoma City, Okl., for defendant.

ORDER

DAUGHERTY, Chief Judge.

This is a breach of contract action originally brought by Plaintiff in the Oklahoma County District Court and later removed to this Court by the Defendant. Plaintiff seeks to recover damages against Defendant in this case for Defendant's alleged breach of a "Representation Agreement" (Agreement) between the parties under

which Plaintiff was to be the exclusive distributor of American Water Meters in Oklahoma and a non-exclusive distributor of parts and service for said water meters. Plaintiff also seeks to recover for Defendant's alleged breach of the express warranty covering its water meters and incorporated by reference in the Agreement. It is asserted that the Court has subject matter jurisdiction of this action by reason of diversity of citizenship and amount in controversy pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss this action on the grounds that this proceeding is premature as Plaintiff failed to submit this controversy to arbitration prior to bringing suit as provided in the Agreement. Said Motion is supported by a Brief, an affidavit and an exhibit. Plaintiff has filed a Brief and supporting affidavit in opposition thereto to which Defendant has replied.

In support of its Motion, Defendant contends that the Agreement provides that any controversy arising therefrom shall be settled by arbitration at Philadelphia, Pennsylvania, under Pennsylvania law and further provides that Pennsylvania law governs the interpretation of the entire Agreement; that arbitration provisions are valid, irrevocable and enforceable under Pennsylvania law; that the agreement of the parties that Pennsylvania law will apply is enforceable as the State of Pennsylvania bears a reasonable relation to transactions involved herein; and that this action is premature under Pennsylvania law because Plaintiff has failed to submit the controversy to arbitration as provided in the Agreement. In its Brief in opposition to Defendant's Motion, Plaintiff maintains that Oklahoma law is applicable to the Agreement and that arbitration requirements in contracts executed prior to October 1, 1978, the effective date of the Oklahoma Uniform Arbitration Act, 15 Okla.Stat.Supp.1978 §§ 801–818, are unenforceable in Oklahoma. In its reply Brief, Defendant reasserts that Pennsylvania law controls the agreement and that the arbitration clause is valid and claims that Plaintiff's action "should be either stayed pending a decision in arbitration or dismissed."

■ Paragraph 9 of the Agreement reads:

"Any controversy between AMERCON [Defendant] and a Representative [Plaintiff] arising out of or relating to this Agreement or any order placed by a Representative hereunder shall be settled by arbitration to be conducted at Philadelphia, Pennsylvania, before three arbitrators: one to be chosen by AMERCON, one to be chosen by Representative, and the third to be chosen by these two arbitrators. Such arbitration shall be conducted in accordance with the Rules of Arbitration of the American Arbitration Association then in effect. The arbitrators shall not be authorized to vary the terms of this Agreement. In construing this Agreement, the arbitrators will apply the law of Pennsylvania. AMERCON and Representative hereby authorize the entry of judgment upon any award of the arbitrators in any court of competent jurisdiction. The decision of such arbitrators shall be binding upon all parties thereto."

The Agreement further provides at paragraph 11(c) that Pennsylvania law shall control the Agreement. However, arbitration clauses are separable from the contracts in which they are contained. *Prima Paint Corp. v. Flood & Conklin Mfg. Co.,* 388 U.S. 395, 402, 87 S.Ct. 1801, 1805, 18 L.Ed.2d 1270 (1967).

■ In the instant case, it appears that the Federal Arbitration Act (Act), 9 U.S.C. §§ 1–14, rather than the law of either Pennsylvania or Oklahoma, is the law applicable to the arbitration clause of the Agreement. § 2 of the Act, 9 U.S.C. § 2, provides as follows:

"A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an exist-

ing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

"Commerce" is defined in § 1 of the Act, 9 U.S.C. § 1, basically as interstate or foreign commerce. Examination of the Agreement reveals that it is obviously "a contract evidencing a transaction involving commerce" within the meaning of 9 U.S.C. § 2 as the Agreement provides for Plaintiff to purchase water meters from Defendant in Pennsylvania for resale in Oklahoma by Plaintiff as the exclusive distributor of Defendant's water meters in Oklahoma. Therefore, the Agreement is covered by the Act.

Once a dispute is covered by the Act, federal law applies to all questions of interpretation, construction, validity, revocability and enforceability. *Coenen v. R. W. Pressprich & Co.*, 453 F.2d 1209, 1211 (Second Cir. 1972), *cert. denied*, 406 U.S. 949, 92 S.Ct. 2045, 32 L.Ed.2d 337 (1972); *Robert Lawrence Co. v. Devonshire Fabrics, Inc.*, 271 F.2d 402, 409 (Second Cir. 1959), *cert. dismissed*, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960). Thus, in a diversity case such as the instant action, the Act rather than state law is determinative of the validity of arbitration clauses in interstate contracts. *Collins Radio Co. v. Ex-Cell-O Corp.*, 467 F.2d 995, 997 (Eighth Cir. 1972); *see Tullis v. Kohlmeyer & Co.*, 551 F.2d 632, 638 (Fifth Cir. 1977); see also *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263, 1269–1270 (Seventh Cir. 1976); *Medical Development Corp. v. Industrial Molding Corp.*, 479 F.2d 345, 348 (Tenth Cir. 1973). Accordingly, as 9 U.S.C. § 2 provides that an arbitration provision in "a contract evidencing a transaction involving commerce" is valid, irrevocable and enforceable, the Court determines that the arbitration provision contained in the Agreement involved herein is valid, irrevocable and enforceable.

As noted previously, Defendant claims that the instant action should be either stayed pending a decision in arbitration or dismissed. However, the Court is not persuaded that dismissal of Plaintiff's action is warranted at this time. Thus, Defendant's request for the same should be denied. As to Defendant's request for a stay, it should be noted that § 3 of the Act, 9 U.S.C. § 3, authorizes federal district courts to stay proceedings where any issue therein is referable to arbitration and provides as follows:

"If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

The party seeking a stay of proceedings under § 3 has the burden of proving that: (1) the issue is one which is referable to arbitration under an agreement in writing for such arbitration; and (2) the party applying for the stay is not in default in proceeding with such arbitration. *See C. Itoh & Co. (America) Inc. v. Jordan International Co.*, 552 F.2d 1228, 1231 (Seventh Cir. 1977); *Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co.*, 339 F.2d 440, 442 (Second Cir. 1964); *Penalver v. Compagnie de Navigation Frutiere, Matouba*, 428 F.Supp. 1070, 1072 (E.D.N.Y.1977); *Miletic v. Holm & Wonsild*, 294 F.Supp. 772, 774 (S.D.N.Y.1968).

In the instant case, the Court is unable to conclude from the record presently before it that Defendant has satisfied its burden of proving that it is entitled to a stay of proceedings in this case pending arbitration. Therefore, the Court will set this matter for an evidentiary hearing regarding the above facet of this case on April 16th, 1979 at 9:30 a. m.