**In re EASTERN CONSOLIDATED UTILITIES, INC., Debtor.**

**EASTERN CONSOLIDATED UTILITIES, INC., Plaintiff,**

**v.**

**COMMONWEALTH of Pennsylvania DEPARTMENT OF GENERAL SERVICES**

**and**

**Thomas A. Armbruster, Inc.,**

**and**

**McCormick, Taylor Associates, Inc., Defendants.**

Bankruptcy No. 80–00065 TT. Adv. No. 81–0045.

United States Bankruptcy Court, E. D. Pennsylvania.

Feb. 23, 1982.

---

Nicholas J. Scafidi, Philadelphia, Pa., for plaintiff.

Michael Prokup, Allentown, Pa., for T. Armbruster.

Henry J. Costa, Jr., Harrisburg, Pa., for Commonwealth of Pa., Dept. of General Services.

Jonathan D. Herbst, Philadelphia, Pa., for McCormick, Taylor & Associates, Inc.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

This case is before the Court on defendants' motion to dismiss a complaint filed by the debtor-in-possession. For reasons hereinafter given, we will grant defendants' motions and dismiss the complaint.[1]

The facts of this case are as follows: The plaintiff-debtors, *Eastern Consolidated Utilities, Inc.* (hereinafter, *"ECU"*) filed a petition in bankruptcy under Chapter 11 in January, 1980. Prior to that date, it had been engaged as a subcontractor to *Thomas A. Armbruster, Inc.* (hereinafter, *"Armbruster"*) on contracts awarded in 1978. The contract work was performed at the Promised Land State Park site under a general contract between Armbruster and the *Commonwealth of Pennsylvania Department of General Services* (hereinafter, the *Commonwealth*). ECU filed a complaint with this Court against Armbruster, the Commonwealth, and another contractor who worked on the project, *McCormick, Taylor Associates, Inc.* (hereinafter, *McCormick*). The complaint seeks to recover the reasonable value of ECU's alleged labor and materials expended on the Promised Land State Park project. Motions to dismiss were filed by Armbruster and the Commonwealth, requesting, inter alia, that this Court exercise its power to abstain from hearing the claim of ECU.

We conclude that the interests of justice would be served by abstention in this case. 28 U.S.C. § 1471 confers jurisdiction upon the Bankruptcy Courts over all civil proceedings arising under or related to cases under title 11. This same grant of power encompasses at § 1471(d) the right to abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 1471(d). In the case at bar, the complaint is based upon state contract law. In view of the fact that a specific judicial

---

1. This opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.

forum, the Board of Claims, has been created by the Commonwealth for the express purpose of deciding such claims against the Commonwealth, we are persuaded that this is an appropriate case in which to exercise our power to abstain. The Board of Claims of the Commonwealth of Pennsylvania is an independent administrative board the duty of which is "to arbitrate claims against Commonwealth arising from contracts entered into by the Commonwealth . . ." As amended, 1978, October 5, P.L. 1104, No. 260 § 2, 72 P.S. 4651–1. The Board of Claims has both undisputed jurisdiction over contract claims against the Commonwealth and a special expertise in contract law. It is the forum which is best situated to rule on the within claim against the Commonwealth.

■ Considerations of comity and the desire to achieve healthy state-federal relations are traditional grounds for invoking the abstention doctrine. *In re Zamost*, 7 B.C.D. 34, 35, 7 B.R. 859, 862 (Bkrtcy., S.D. Cal.1980). It has been recognized that notwithstanding the broad jurisdiction power granted to the Bankruptcy Courts by the Bankruptcy Code of 1978, "Many instances may arise wherein the Bankruptcy Courts will do well to abstain from pre-empting claim determinations by administrative bodies possessing special expertise where such neither delays, complicates nor clouds rehabilitation prospects." *In re Units Parts Company*, 9 B.R. 386, 391 (D.C., W.D.Okl. 1981). The facts of the instant case constitute one of the rare instances in which the state judicial system is uniquely situated as the proper forum in which to decide the plaintiff's claim.

For the foregoing reasons, we abstain from hearing plaintiff's complaint and grant defendants' motion to dismiss.