In re Robinson R. CANCEL, Debtor.

Robinson R. CANCEL, Appellant,

v.

The CITY OF SCHENECTADY, District Attorney of Schenectady, Citizens for Law, Order & Justice, Appellees.

Bankruptcy No. 84–10904.
Adv. No. 87–1076.
No. 88–CV–195.

United States District Court,
N.D. New York.

May 2, 1988.

Lee & LeForester, Troy, N.Y., for appellant; Michael Jude O'Connor, of counsel.

Robert Littlefield, Albany, N.Y., trustee.

Office of the County Attorney, Schenectady, N.Y., for appellees; J. Douglas McManus, Jr., Dist. Atty., of counsel.

### MEMORANDUM–DECISION AND ORDER

McCURN, District Judge.

Cancel, the appellant here and the debtor in the underlying bankruptcy proceeding, was convicted of receiving unauthorized unemployment benefits. As part of his sentence in the state proceeding he was required, as a condition of probation, to make restitution payable to Citizens for Law, Order, and Justice, Inc. ("Citizens"), one of the appellees. "Citizens" is a nonprofit organization apparently serving as a "victim's compensation" fund. In accordance with his sentence, Cancel made payments to "Citizens".

Subsequent thereto, Cancel filed a voluntary petition under Chapter 13 of the Bankruptcy Code. The petition included his plan for repayment and listed "Citizens" as a

creditor in the amount of $2000. "Citizens" was apparently given proper notice of the filing. It did not file a claim, however.[1] The plan was confirmed on October 20, 1984, and Cancel ceased making payments to "Citizens" and began making payments to the trustee pursuant to the plan.

Apparently because Cancel stopped making payments to "Citizens", the Schenectady County District Attorney began to proceed against him for his probation violation. In February of 1986, a bench warrant for Cancel's arrest was issued. Because of this threatened prosecution, and Cancel's belief that his obligation to "Citizens" was included in the plan, Cancel commenced an adversary proceeding in bankruptcy court. In his complaint, Cancel sought a "declaratory judgment," declaring the rights of the debtor as follows:

a. Whether the criminal restitution obligation constitutes a dischargeable "claim" in a Chapter 13 case.

b. Whether law enforcement agencies are enjoined from proceeding against the debtor in a Chapter 13 case from the collection of post-petition restitution payments in a manner not approved by the Bankruptcy Court.

c. Whether law enforcement agencies and the District Attorney of the County of Schenectady should be enjoined from enforcing criminal sanctions against the debtor in a Chapter 13 case for non-payment of restitution charges, including arrest of the debtor in a Chapter 13 case for non-payment of a post-petition restitution."

Complaint at pp. 2–3. Defendants raised two affirmative defenses in their answer. First, they asserted that there was no proceeding to enjoin as the bench warrant had been withdrawn. Second, defendants argued that restitution payments are not dischargeable under the bankruptcy laws.

The Bankruptcy Court (Judge Mahoney) denied the application for injunctive relief on the basis of the absence of a proceeding to enjoin, and determined that "the obligation to make restitution as part of a criminal sentence of conviction is unaffected by the filing of a chapter 13 petition and the entry of a chapter 13 discharge." 82 B.R. 674. Cancel's appeal is presently before the court.

## DISCUSSION

Judge Mahoney correctly noted that this case presents the narrow issue whether an individual's obligation to make restitution as part of a criminal sentence is discharged in a Chapter 13 proceeding. Judge Mahoney also correctly focused the analysis on the Bankruptcy Code's definition of "debt". Chapter 13 debtors who successfully complete a plan are granted a discharge pursuant to 11 U.S.C. § 1328(a).[2] "That section provides that all debts, except for two narrow categories not involved here, are discharged. Therefore, the only way to find that criminal restitution payments are not dischargeable is to find that they are not a 'debt.'" *In Re Johnson*, 32 B.R. 614 (Bnkr.D.Col.1983).

In a well reasoned opinion Judge Mahoney concluded that criminal restitution is not a "debt" within the meaning of the Bankruptcy Code. Nevertheless, the court must reverse, for in this circuit criminal restitution constitutes a "debt" within the meaning of the Code. *In re Robinson*, 776 F.2d 30, 33–39 (2d Cir.1985), *rev'd on other grounds, sub nom. Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

In *Robinson*, the debtor was convicted of the wrongful receipt of welfare benefits. As a condition of probation, she was required to make restitution to the Connecticut probation office commencing in January of 1981. In February of that same year she filed a voluntary petition under chapter 7 (not chapter 13 as here). She

---

1. Counsel for Cancel informed the court at oral argument that the "Citizens" debt was to be paid in its entirety. Moreover Cancel would not object to the late filing of a claim by "Citizens".

2. Chapter 13 debtors who do not successfully complete plans may, under certain circumstances, be given a discharge. See 11 U.S.C. § 1328(b). The court must assume, however, at this juncture, that debtor will successfully meet the obligations of his plan.

listed the probation office as a creditor and such office was duly notified of her petition. The probation office did not file a claim and her plan was confirmed. She then discontinued making payments to the probation office.

The inevitable occurred and the probation office informed Robinson that it did not consider the restitution to be dischargeable. Robinson initiated an adversary proceeding seeking relief comparable to that sought here: a declaration that the restitution obligation was dischargeable and an injunction to prevent state officials from forcing Robinson to pay. The bankruptcy court denied her application by concluding that the restitution was not a debt within the contemplation of the code's definitional sections in 11 U.S.C. § 101. The court concluded further that even if the restitution was a debt within the contemplation of the code, it was non-dischargeable under § 523(a)(7).[3] The district court adopted the bankruptcy court's conclusions without alteration.

The Court of Appeals reversed. It first examined the Code's definition of debt. "Although it recognized that most courts had reached the opposite conclusion, the court decided that a restitution obligation imposed as a condition of probation is a debt." *Robinson*, 107 S.Ct. at 357. The Court of Appeals then concluded that § 523(a)(7) did not protect the restitution obligation from discharge.

Upon a grant of certiorari, the Supreme Court reversed the Second Circuit. Applying the same type of analysis used by the lower courts, it first analyzed the definitional sections of the code, and then the exception to discharge contained in § 523(a)(7). *Robinson*, 107 S.Ct. at 358–363. After a thorough analysis of precedent and legislative history regarding the definitional sections of the code, the court concluded:

> In light of the established state of the law—that bankruptcy courts could not

discharge criminal judgments—we have serious doubts whether Congress intended to make criminal penalties "debts" within the meaning of § 101(4). But we need not address that question in this case, because we hold that § 523(a)(7) preserves from discharge any condition a state criminal court imposes as part of a criminal sentence.

*Id.* at 361.

While the Supreme Court expressed "serious doubts" about the Second Circuit's conclusion that restitution constituted a debt within the meaning of Code, it declined to reverse on that ground. Accordingly, that portion of the Second Circuit opinion in *Robinson* which concluded that restitution is a debt is still good law in this Circuit. No matter how well reasoned Judge Mahoney's decision is, the court is constrained to reverse it on the authority of *In re Robinson*, 776 F.2d 30, 33–39 (2d Cir.1985), *rev'd on other grounds, sub nom. Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986).

Moreover, that portion of Judge Mahoney's opinion which concludes that an injunction is moot because there were no relevant criminal proceedings pending against Cancel is also reversed. The debtors complaint requests an order enjoining defendants from proceeding against the debtor in regard to his failure to make direct payments to "Citizens". Such an order would enjoin defendants from taking *future* actions to enforce restitution during the pendency of the plan, not only stop *pending* proceedings. Given the conclusion reached above, such an injunction is appropriate.

Accordingly, the decision of the Bankruptcy Court herein is reversed and the matter is remanded to Judge Mahoney in accordance herewith for appropriate proceedings.

---

**3.** Section 523(a)(7) excepts from certain discharges, debts "to the extent that such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss."

This section does not apply, however, to discharges under § 1328(a) in issue here. 11 U.S.C. § 523; *In re Johnson–Allen*, 69 B.R. 461 (Bnkr.E.D.Pa.1987).