**In re Robinson R. CANCEL, Debtor.**

**Robinson R. CANCEL, Plaintiff,**

v.

**The CITY OF SCHENECTADY, District Attorney, Citizens for Law, Order & Justice, Inc., Defendants.**

Adv. No. 87–1076.
Bankruptcy No. 84–10905.

United States Bankruptcy Court,
N.D. New York.

Jan. 13, 1988.

Judgment Reversed by District Court Memorandum and Order May 2, 1988.

Lee & Le Forestier, P.C., Troy, N.Y., for debtor/plaintiff; Michael J. O'Connor, of counsel.

Office of the Co. Atty., Schenectady, N.Y., for Dist. Atty.; J. Douglas McManus, Jr., of counsel.

Robert Littlefield, Albany, N.Y., trustee, and of counsel.

## MEMORANDUM–DECISION AND ORDER

JUSTIN J. MAHONEY, Bankruptcy Judge.

This case presents the issue as to whether an individual's obligation to make restitution as part of a criminal sentence is discharged in a chapter 13 proceeding.

The debtor filed his chapter 13 petition on July 6, 1984. Prior to the filing, the debtor had been arrested and found guilty of receiving unauthorized unemployment benefits. The debtor's criminal sentence required him as a condition of probation to make restitution, payable to the defendant, Citizens for Law, Order & Justice, Inc. ("Citizens"). The debtor paid a portion of the required restitution and listed the balance of approximately $2,000 owing as a claim on his chapter 13 schedules, whereupon he ceased making payments.

A chapter 13 plan confirmed on October 20, 1984 did not embrace the restitution payments since no claim was filed by Citizens. In February, 1986, a bench warrant for the debtor's arrest was issued for his failure to make the required payments.

In addition to declaratory relief as to the dischargeability of the required restitution payments, the present complaint seeks to enjoin the Schenectady County District Attorney from proceeding against the debtor. The bench warrant issued in February, 1986 was withdrawn in April, 1987; there are presently no outstanding warrants for the debtor's arrest. Accordingly, since there is no present action against the debtor that need be enjoined, the prayer for injunctive relief is denied.

Section 1328 of the Bankruptcy Code governs discharge in a chapter 13 proceeding. Subsection (a) recites in pertinent part:

... the court shall grant the debtor a discharge of all debts, provided for by the plan or disallowed under Section 502 of this title, except any debt—

(1) provided for under section 1322(b)(5) of this title, or

(2) of the kind specified in section 523(a)(5) of this title.

With the exception of alimony and child support, § 523 debts excepted from discharge in a chapter 7 proceeding are covered by the broader chapter 13 discharge.

The question remains, however, whether restitution imposed as part of a criminal sentence of conviction constitutes a "debt" that is discharged in a chapter 13 bankruptcy proceeding.

As defined by 11 U.S.C. § 101(11), "debt" means liability on a claim. "Claim" is defined as a right to payment. 11 U.S.C. § 101(4)(A). The specific definition of "a right to payment" as outlined in § 101(4)(A) has been liberally interpreted by the courts. *Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 83 L.Ed.2d 649 (1985); *In re Johns–Manville Corp.*, 36 B.R. 743, 754 n. 6 (Bankr.S.D.N.Y.1984).

Nevertheless, a number of bankruptcy courts considering the issue have held that

a criminal restitution obligation is not a debt under the Code, and, therefore, is not affected by a discharge. *In re Button*, 8 B.R. 692 (Bankr.W.D.N.Y.1981); *In re Johnson*, 32 B.R. 614 (Bankr.D.Colo.1983); *In re Oslager*, 46 B.R. 58 (Bankr.M.D.Pa.1985). This court agrees with the conclusion reached by the foregoing courts.

As noted by the United States Supreme Court in *Kelly v. Robinson*, 479 U.S. 36, ——, 107 S.Ct. 353, 358, 93 L.Ed.2d 216, 225 (1986), the language of § 101 must be considered in light of the history of bankruptcy court deference to criminal judgments, and in light of the interests of the states in the unfettered administration of their criminal justice systems. "The right to formulate and enforce penal sanctions is an important aspect of the sovereignty retained by the States." *Id.* 479 U.S. at ——, 107 S.Ct. at 360, 93 L.Ed.2d at 227. The Supreme Court held that a criminal restitution obligation is not dischargeable in a chapter 7 proceeding by invoking § 523(a)(7) as an exception to discharge. In the opinion, however, the Supreme Court expresses serious doubt that Congress intended to make state criminal restitution payments "debts" within the meaning of § 101(4). *Kelly v. Robinson*, 479 U.S. ——, 107 S.Ct. at 361, 93 L.Ed.2d at 229. This court sees no reason why the same result of nondischargeability should not obtain in the present chapter 13 proceeding in concluding that a criminal restitution obligation is not a "debt" within the meaning of the Code. In so ruling, this court respectfully disagrees with the holding of *In re Johnson–Allen*, 69 B.R. 461 (Bankr.E.D. Pa.1987).

The bankruptcy court in *In re Johnson–Allen, id.*, assumes that courts in chapter 13 cases would find criminal restitution to be dischargeable because of the broader nature of the chapter 13 discharge. The assumption is arguably justified by the fact that the restitution victim would receive over time a portion of the payments under the plan. A further concern, namely, that a recipient of restitution payments would in effect be preferred over other creditors in violation of the priority rules outlined by the Code were the obligation found to be unaffected by the chapter 13 proceeding, is necessarily premised upon the assumption that the criminal restitution obligation is in fact a debt. To reach this result, the bankruptcy court further assumes that, if all of a chapter 13 debtor's disposable income is deposited into a plan, there would be no money remaining to pay restitution. Finally, the court cites the "fresh start" concept of bankruptcy enunciated in *Local Loan v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934) as mandating the conclusion that criminally imposed restitution payments are dischargeable in a chapter 13. *In re Johnson–Allen*, 69 B.R. at 469.

This court finds the foregoing reasoning unpersuasive. The very nature of criminal restitution payments is distinct from financial debts which are dealt with in a chapter 13 plan. As stated by a New York court:

> A condition of restitution in a sentence of probation is a part of the judgment of conviction. It does not create a debt nor a debtor-creditor relationship between the persons making and receiving restitution. As with any other condition of probationary sentence it is intended as a means to insure the defendant will lead a law-abiding life thereafter.

*People v. Mosesson*, 78 Misc.2d 217, 218, 356 N.Y.S.2d 483, 484 (Sup.Ct.1974).

Criminal sanctions impose a duty upon the criminal defendant to the people of the State of New York and do not create a 'debt'. *In re Button*, 8 B.R. at 694.

Under the former Bankruptcy Act of 1898, which was replaced by the present Bankruptcy Code, there was an established judicial exception to the dischargeability of restitution orders as enunciated in *In re Moore*, 111 F. 145, 148–149 (WD Ky.1901). There is no Congressional intent clearly evidenced in the Bankruptcy Code to reverse the law in this regard. *Kelly v. Robinson*, 479 U.S. ——, 107 S.Ct. at 359–60, 93 L.Ed.2d at 227.

The suggestion in *In re Johnson–Allen*, 69 B.R. 461 at 467, that the requisite Congressional intent to discharge criminal restitution payments may be found in § 523(a)(7) is not supported by the legisla-

tive history. Section 523(a)(7) was primarily aimed at addressing the treatment of tax penalties. *Norton Bankruptcy Law and Practice* § 27.33.

To require the State to file a claim as a precondition to the State's ability to perform its penal function seems an absurd result. Equally absurd and overreaching is the notion that this court could exercise jurisdiction in a chapter 13 proceeding to permit individuals sentenced for violating state law the option of reducing their criminal sentence. It should be noted that when courts impose criminal sentences, restitution payments are often made a condition of probation and, if the specified conditions of probation are not met, probation may be revoked and a prison term may be imposed.

In today's world, restitution is frequently ordered to accord relief to an overburdened prison system as well as to taxpayers. Reading the Code to permit the elimination or reduction of a restitution obligation imposed as part of a criminal sentence would motivate criminal courts to reconsider their present practice of ordering restitution as an effective alternative to incarceration. It seems incongruous that Congress should have intended that persons sentenced under state criminal laws could have their sentence modified in a bankruptcy court which possesses no authority or jurisdiction in criminal matters. To ascribe such an intent to Congress amounts to an unwarranted interference with state criminal proceedings. *Younger v. Harris,* 401 U.S. 37, 46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971).

In concluding that state-ordered criminal restitution payments are not debts within the meaning of § 101(4), this court is not troubled by what was referred to by the Second Circuit Court of Appeals as the "anomalous result" that the holder of a right to restitution would thereby have no right to participate in receiving a distribution from the bankruptcy estate. *In re Robinson,* 776 F.2d 30, 35, (2d Cir.1985). In the chapter 13 context, the amount of the debtor's disposable income available to make payments under the plan is only determined after all fixed and necessary expenses are deducted from income. Clearly, a criminal restitution payment which is ordered as a condition of probation would constitute a necessary expense that would be first subtracted in determining the debtor's disposable income available to pay debts under the plan. Since this court finds that criminal restitution payments are not embraced by the Code provisions, there is no violation of the priority rules set forth in the Code.

Finally, this court does not agree that the 'fresh start' concept is violated by holding that criminal restitution payments are not embraced by a discharge. The bankruptcy and criminal courts are dissimilar in nature and function. It should be noted that in carrying out a dual function to punish as well as rehabilitate its offenders, the criminal court under New York law determines the amount of restitution to be paid with reference to what it deems the defendant can afford to pay. N.Y.Penal Code § 65.10(2)(g) (McKinney's Consolidated Laws of New York 1987). It is, therefore, uniquely distinct from a civil money judgment which is imposed with reference to the law of damages. More importantly, state courts do not relinquish jurisdiction over the criminal defendant until the conditions of probation have been satisfied. The sentencing court always has the authority and indeed the obligation to adjust the terms of or lower the amount of the payment upon application by the defendant for resentence, if satisfied that the defendant is unable to pay the previously ordered sum. N.Y.Criminal Procedure Law § 420.10 (McKinney's Consolidated Laws of New York Supp.1988) While the only relief for a debtor facing financial hardship from the enforcement of a civil judgment is in the bankruptcy court, the criminal defendant has recourse to the criminal court which imposed the sentence in the first instance for relief from the financial hardship of the criminal sentence.

Accordingly, and for the foregoing reasons, this court concludes that the obligation to make restitution as part of a criminal sentence of conviction is unaffect-

**678**

ed by the filing of a chapter 13 petition and the entry of a chapter 13 discharge.

It is so ORDERED.