**In re GUY C. LONG, INC., Debtor.**

**GUY C. LONG, INC., Plaintiff,**

v.

**PARK PLAZA DEVELOPMENT COR-PORATION, A Delaware Corporation, Edward B. Deseta Company, A Delaware Corporation, the Park Plaza Condominium Apts. Council, Ruth K. Lloyd, Viola R. Siefkin, and P. Gerald White, Defendants.**

**Misc. No. 88–0436.**

United States District Court, E.D. Pennsylvania.

Sept. 9, 1988.

Claudia Z. Springer, Judith E. Reich, Duane, Morris & Heckscher, Philadelphia, Pa., for movants, Park Plaza and the individual owners.

Mary F. Walrath, Pauline K. Morgan, Clark, Ladner, Fortenbaugh & Young, Philadelphia, Pa., for debtor/plaintiff, Guy C. Long.

Fox, Rothschild, O'Brien and Frankel, Philadelphia, Pa., for Creditors' Committee.

James J. O'Connell, Philadelphia, Pa., Asst. U.S. Trustee.

ORDER

ROBERT F. KELLY, District Judge.

AND NOW, this 8th day of September, 1988, upon consideration of the Report of the Bankruptcy Court, it is hereby OR-DERED and DECREED that:

1. Said Report is ADOPTED and AP-PROVED.

2. The adversary proceeding be stayed pursuant to 9 U.S.C. § 3.

3. The defendants' motion to abstain pursuant to 28 U.S.C. § 1334(c)(1) is DE-NIED.

United States Bankruptcy Court for the Eastern District of Pennsylvania

Chapter 11

Bankruptcy No. 87–01367F

Adversary No. 88–0614F

REPORT

BRUCE I. FOX, Bankruptcy Judge:

Defendants in this adversary proceeding are requesting that a recommendation be made to the District Court to abstain from hearing this proceeding, pursuant to 28 U.S.C. § 1334(c)(1), and to permit the resolution of this dispute to be achieved by arbitration. Plaintiff opposes this motion contending that the most expeditious resolution will occur in this forum and that defendants' request, if granted, would

thwart important federal bankruptcy policies. Defendants counter that the federal policy of encouraging enforcement of contractual arbitration provisions overrides bankruptcy policy; moreover, defendants assert that arbitration is the most efficient dispute resolution mechanism.

After considering the parties' submissions, arguments and evidence presented, I conclude that a recommendation that this proceeding be stayed, pursuant to 9 U.S.C. § 3, is warranted.

## I.

The plaintiff, Guy C. Long, Inc., filed a voluntary petition in bankruptcy under chapter 11 on March 20, 1987. On May 16, 1988 the debtor brought this adversary proceeding against numerous defendants; the dispute stems from contracts entered into between the debtor and Park Plaza Development Corp., (a Delaware corporation), involving the construction of a building known as The Park Plaza on the Brandywine, which is located in Wilmington, Delaware.[1] The debtor was hired as a subcontractor on the building project and claims that it has not been paid in full, pursuant to its contract, for work performed. After deducting for payments received, the debtor seeks a judgment in the amount of $273,069.92. (Defendants contended at the hearing on this motion that the work done by the debtor was, in some instances, improper and that "back charges" may be assessed against the debtor's claim thus reducing significantly the amount owed.)

Various contracts between the debtor and Park Plaza (Exhibits D–3, D–4, and P–1) incorporate as part of their provisions the General Conditions of the Contract for Construction, 1980 edition. (Exhibit D–2).[2]

Paragraph 7.9 of the General Conditions, states:

> All claims, disputes and other matters in question between the contractor and the Owner arising out of, or relating to the Contract Documents or the breach thereof, except as provided in Subparagraph 2.2.11 with respect to the Architect's decision on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment as provided by Subparagraphs 9.9.4 and 9.9.5, inclusive, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise.

The provisions of the Construction Industry Arbitration Rules were introduced in evidence and were explained by Jim Marchese, newly appointed Regional Director of The American Arbitration Association. Mr. Marchese explained the arbitration process, including selection of the arbitrator, scheduling of the hearing, the approximate time between hearing and decision, and the costs assessed against the parties. He estimated the decision-making process in a matter such as this to take approximately three months and to cost less than $3,000.00.[3]

## II.

The purpose of the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.* is to validate and make enforceable contractual arbitration provisions. *Shearson/American Express, Inc. v. McMahon*, —— U.S. ——, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). The key provision of this statute is found in 9 U.S.C. § 3 which states:

---

**1.** Apparently, the defendant Park Plaza Development Corporation owns the building. The individual defendants are owners of apartments in the building.

**2.** To the extent the debtor argues that the General Conditions were not part of its contractual agreement, it overlooks the express contractual language found in Articles 1 and 7 of the contracts. In addition, the defendants presented unrebutted testimony disclosing the debtor's familiarity, in the context of its dealings with Park

Plaza, of various provisions of the General Conditions.

**3.** To defendants' surprise, Mr. Marchese acknowledged that pretrial discovery along the lines established in civil trials by the federal rules of procedure may be utilized. This acknowledgment obviously weakens defendants' contention that artibration is much less costly and much faster than nonjury resolution in the federal court system.

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

Debtor does not challenge the purpose of the statute nor the applicability of its provisions to the contracts at issue here, were this dispute pending in a nonbankruptcy forum.[4] Rather the debtor argues that the policies underlying the Bankruptcy Code render inoperative those of the Arbitration Act, at least insofar as the instant proceeding is concerned. This position is not without significant support.

The Third Circuit Court of Appeals has noted the tension that exists between the policies embodied in the Bankruptcy Code and the Arbitration Act:

This Act [Arbitration Act] requires a federal court to stay proceedings pending arbitration if issues pertinent to the dispute are also the subject of an arbitration agreement between the parties, thereby reflecting Congress' intent to encourage both arbitration and the enforcement of contractual obligations. The competing policy is embodied in the Bankruptcy Reform Act of 1978.... This Act significantly expands the jurisdiction of bankruptcy courts and is based on the notion that to protect the positions of both the bankrupt and its creditors, bankruptcy actions should not be subject to unnecessary delay and all claims and issues relevant to such actions should be resolved in one expeditious proceeding. A conflict arises when, as in the instant case, the debtor in a bankruptcy action sues on a contract and the defendant demands a stay of the bankruptcy proceeding pending contractually agreed to arbitration.

*Zimmerman v. Continental Airlines, Inc.*, 712 F.2d 55, 56 (3d Cir.1983) *cert. denied* 464 U.S. 1038, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984). *Accord Societe Nationale Algerienne v. Distrigas Corp.*, 80 B.R. 606, 610 (D.Mass.1987); *In re Morgan*, 28 B.R. 3, 5 (B.A.P. 9th Cir.1983).

The debtor argues that, in a given instance, the policies of the Bankruptcy Code may outweigh those of the Arbitration Act making a stay of bankruptcy proceedings inappropriate. *Zimmerman* supports this view.

Today we hold that because the underlying purposes of the Bankruptcy Reform Act implicitly modify the Arbitration Act, the granting of a stay pending arbitration even when the arbitration clause is "contractual", is a matter left to the sound discretion of the bankruptcy judge.

*Zimmerman*, 712 F.2d at 56.

Defendants suggest that bankruptcy court discretion to nullify a mandatory arbitration clause was soundly rejected by the Supreme Court in its recent *McMahon* decision. However, as I noted in *In re Monge Oil Corp.*, 83 B.R. 305 (Bankr.E.D. Pa.1988), *Zimmerman* may not have been overruled by *McMahon*. Certainly the Court spoke forcefully in favor of the Arbitration Act; yet the theoretical underpinning of *McMahon* is phrased in a manner not necessarily inconsistent with the *Zimmerman* holding:

The Arbitration Act, standing alone, therefore, mandates enforcement of agreements to arbitrate statutory claims. Like any statutory directive, the Arbitration Act's mandate may be overridden by a contrary congressional command. The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial

---

**4.** That is, the debtor does not suggest that these contracts do not involve "commerce" as stated and defined in 9 U.S.C. §§ 1, 2. The debtor is a Pennsylvania corporation doing business with a Delaware corporation, involving the transfer of labor and supplies across state lines. *See John Ashe Assoc. v. Environgenics Co.*, 425 F.Supp. 238 (E.D.Pa.1977).

remedies for the statutory rights at issue.... If Congress did intend to limit or prohibit waiver of a judicial forum for a particular claim, such an intent "will be deducible from [the statute's] text or legislative history," *id.,* [*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. [614], at 628, or from an inherent conflict between arbitration and the·statute's underlying purposes. 107 S.Ct. 2337. In addition, *Zimmerman* was recently reaffirmed by the Third Circuit in *In re Diaz Contracting, Inc.,* 817 F.2d 1047, 1053–55 (3d Cir.1987).[5]

Given that *Zimmerman* has never been expressly overruled, *cf., In re Cancel,* 85 B.R. 677, 679 (N.D.N.Y.1988) (Court of Appeals decision remains "good law" even though questioned by the Supreme Court), that its holding was reaffirmed in *Diaz,* and that its holding may be viewed as consistent with the reasoning of *McMahon,* I am reluctant to conclude that it has been implicitly overruled. *In re Monge Oil.* Fortunately, I need not decide this issue for I conclude that even if I still have the discretion offered me by *Zimmerman,* a stay of this proceeding to allow the arbitration to go forward is warranted.

### III.

My conclusion that a stay is appropriate is based upon a balance of the competing interests of the parties, along with "pragmatism and flexibility". *Distrigas,* 80 B.R. at 610. The granting of a stay will not significantly affect the legitimate interests of the debtor.

First, this chapter 11 bankruptcy case has been pending for more than one year with no plan or disclosure statement filed. There was no evidence presented that a stay of this proceeding, in favor of arbitration, would jeopardize the debtor's ability to formulate a plan or would weaken a fragile financial situation.[6] *See Distrigas,* 80 B.R. at 612.

Second, this dispute is a simple breach of contract question involving no bankruptcy issue, and no interpretation of Code provisions. The absence of bankruptcy issues diminishes the impact of a stay upon those policies implicit in the Code itself. *Distrigas,* 80 B.R. at 614. In fact, it is not inconceivable that the arbitrator may have a greater expertise in resolving this construction contract dispute than a federal bankruptcy judge.

Third, this proceeding was initiated by the debtor against a non-creditor of the estate. Some courts have held that where a debtor seeks enforcement of a contract, it must embrace its terms *cum onere*—including its arbitration provision. *In re Morgan; Schilling v. Canadian Foreign Steamship Co.,* 190 F.Supp. 462, 463 (S.D. N.Y.1961). This is not to suggest that whenever a trustee (or debtor in possession) commences a proceeding based upon a contract containing an arbitration clause that a stay in favor of arbitration is mandated. *Accord Distrigas,* 80 B.R. at 609.[7] *Zimmerman* holds to the contrary and, as I suggested in *Monge Oil,* the issue is more subtle than some courts have acknowledged. Nonetheless, I also agree that the identity of the plaintiff is a factor to be considered.

The final factor, and perhaps the most important, is that plaintiff may well be correct that this dispute will be resolved more quickly via arbitration, because the decision-making process in this forum may be clouded by jurisdictional questions. The defendants suggest, (and plaintiff disputes), that this proceeding is a non-core, related, proceeding in which, by virtue of 28 U.S.C. § 157(c)(1), this court may only issue proposed findings of fact and conclusions of law to the district court. If a party objects to these findings and conclusions, a *de novo* hearing in district court

---

**5.** *Diaz* predates *McMahon.*

**6.** A party seeking a stay in favor of arbitration has the burden of demonstrating the applicability of the Arbitration Act. *Pioneer Supply Co. v. American Meter Co.,* 484 F.Supp. 227 (W.D.Okla. 1979); *Penalver v. Compagnie De Navigation Frutiere,* 428 F.Supp. 1070 (E.D.N.Y.1977). This the defendants have done. The burden then

shifts to the plaintiff to demonstrate that a waiver of a judicial forum is inappropriate nonetheless. *McMahon,* 107 S.Ct. at 2337; *Distrigas,* 80 B.R. at 613.

**7.** The District Court in *Distrigas* posited that the arbitration clause is "severable" from the balance of the contract.

may be needed. *Id.* In contrast, arbitration decisions may be reviewed only in exceptional circumstances. 9 U.S.C. §§ 10, 11.

If this dispute may properly be characterized as a collection suit on a prepetition account receivable, defendants are correct that, jurisdictionally, such disputes are categorized as non-core. *Matter of George Woloch Co., Inc.,* 49 B.R. 68 (E.D.Pa.1985); *In re Earle Industries, Inc.,* 71 B.R. 919 (Bankr.E.D.Pa.1987). Given statutory provisions such as 28 U.S.C. §§ 157(c) and 1334(c)(2), it is difficult to maintain that Congress intended to bring all related proceedings within the bankruptcy court umbrella—which is the legal predicate of *Zimmerman.* Thus, a jurisdictional determination that a proceeding is "related" may well be dispositive in favor of a stay pending arbitration.

As I noted orally at the hearing on this motion, however, the jurisdictional categorization of this proceeding is less than clear. Park Plaza testified that the debtor performed services under their contracts both prepetition and postpetition, with the majority provided prepetition. These contracts may be executory within the meaning of 11 U.S.C. § 365. *See generally, In re Monge Oil, Inc.* And, if assumed by the debtor,[8] a claim based upon an executory contract may be a core proceeding. *Cf. In re Arnold Print Works, Inc.,* 815 F.2d 165 (1st Cir.1987) (action based upon a postpetition contract is a core proceeding); *In re Mushroom Transportation Co.,* 78 B.R. 754 (Bankr.E.D.Pa.1987) (action against debtor for breach of an assumed executory contract is a core proceeding).

This too is an issue I need not resolve. The existence of a legitimate jurisdictional question concerning the ability of a bankruptcy court to issue a final order, by itself, provides support for concluding that the dispute should be resolved by arbitration—a method which has no jurisdictional uncertainties.

In sum, the above reasons taken together convince me that it is appropriate to stay this proceeding in favor of arbitration pursuant to 9 U.S.C. § 3.

### IV.

Defendants implicitly attempt to equate the justification for granting a stay pursuant to the Arbitration Act with the justification for discretionary abstention as allowed by 28 U.S.C. § 1334(c)(1). As I recently noted in an analogous context in *In re Tidwell Industries, Inc.,* 87 B.R. 345 (Bankr.E.D.Pa.1988), there is a significant distinction between dismissing a proceeding and staying a proceeding. It has generally been held that where federal jurisdiction property lies

> the prior commencement of an action in a local court may justify the abatement of the federal action. However, a stay, not a dismissal, of the federal action, is generally the appropriate method to achieve this result.
>
> \*    \*    \*    \*    \*    \*
>
> A stay ... permits resumption of the federal action, without risk of a time bar, in the event that the local action is dismissed voluntarily or otherwise terminates without a final adjudication on the merits.

*Mahaffey v. Bechtel Associates Professional Corp.,* 699 F.2d at 546. *Accord e.g., Evans Transportation Co. v. Scullin Steel Co.,* 693 F.2d 715, 717–718 (7th Cir.1982); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.,* 692 F.2d 102, 105–106 (10th Cir.1982); *Board of Education of Valley View v. Bosworth,* 713 F.2d 1316, 1322 (7th Cir.1982); *Chintala v. Diamond Reo Trucks, Inc.,* 393 F.Supp. 1392 (E.D.Pa.1975). *See also Williams v. Red Bank Board of Education,* 662 F.2d 1008 (3d Cir.1981).

*In re Tidwell Industries, Inc.,* at 350.

There is no question that, whether this proceeding be classified as core or non-core, 28 U.S.C. §§ 157, and 1334 grant this court subject matter jurisdiction to hear this dispute. There is also no question that this dispute does not involve unsettled is-

---

**8.** Although the debtor performed under the contracts, it has not sought to assume or reject these contracts. 11 U.S.C. § 365(b).

sues of state law, which is the primary purpose behind the discretionary abstention provision of § 1334(c)(1). *See Ronix Corp. v. Philadelphia*, 82 B.R. 19 (E.D.Pa.1988); *In re Earle Industries, Inc*, 72 B.R. 131 (Bankr.E.D.Pa.1987). Defendants argue, though, citing to *In re Stephen Smith Home for the Aged, Inc*, 80 B.R. 678 (E.D. Pa.1987), that § 1334(c)(1) is also designed to give deference to specialized tribunals. *See also In re Eastern Consolidated Utilities, Inc.*, 17 B.R. 809 (Bankr.E.D.Pa.1982). While defendants' argument is sound, its attempt to equate an arbitration of this dispute with a specialized tribunal falls a little short.

District Courts, bankruptcy courts, state trial courts in addition to arbitration panels all hear, at one time or another, contract disputes—even those involving construction contracts. While I recognize that an arbitrator may have a background helpful to the resolution of the construction contract dispute, the disparity in expertise is not as great in contract matters as in disputes involving *e.g.*, probate matters, public utility rate setting issues or domestic relations issues. In addition, the Federal Arbitration Act contains provisions recognizing the potential for judicial intervention subsequent to the issuance of a stay. 9 U.S.C. §§ 4 *et seq*. These two factors, when added to the longstanding admonition that dismissal shall be granted sparingly and the express statutory provision of 9 U.S.C. § 3 calling for a stay of proceedings only, suggest that the exercise of abstention is not appropriate here.

Previously, in *In re Earle Industries, Inc.*, 72 B.R. at 135, I drew a distinction between a decision to grant abstention and to deny abstention, insofar as district court review is concerned. The latter was viewed as an interlocutory order which bankruptcy courts have the power to enter, even in non-core cases. *See* 28 U.S.C. § 157(c)(1) ("final orders" are to be entered by the district court). Recently enacted Bankr. Rule 5011(b) seemingly does away with this distinction and probably requires a recommendation be made to district court on all motions for abstention.

The broad language of Rule 5011(b) even envelopes a motion such as this, where I have concluded that a stay pursuant to 9 U.S.C. § 3 is appropriate. In light of the Supreme Court's recent reaffirmation that decisions to stay proceedings are immediately reviewable under the "collateral order doctrine," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983), a right to district court review exists in the instant matter if a party desires, without the need for the use of the recommendation procedure. *See also Alascom Inc. v. ITT North Electric Co.*, 727 F.2d 1419 (9th Cir.1984). As the language of the procedural rule itself, though, contains no such exception, I have little choice but to issue a recommendation to the district court.[9]

Furthermore, as I believe a stay under the Arbitration Act is warranted, I shall stay the proceeding before me pursuant to Bankr. Rule 5011(c) pending the district court's review of this recommendation.

---

**9.** To the extent *Tidwell* at 350 n. 5 suggests that the right to immediate appellate review makes inapplicable the report procedure set out in Rule 5011(b), I withdraw from that suggestion.