In re ACKERMAN, HERBST
& PLISKOW, M.D., P.A.,
Debtor.

ACKERMAN, HERBST & PLISKOW,
M.D., P.A., Plaintiff,

v.

Seth J. HERBST, M.D., Defendant.

Bankruptcy No. 98–30911–BKC–SHF.
Adversary No. 98–3087–BKC–SHF–A.

United States Bankruptcy Court,
S.D. Florida.

May 27, 1998.

Daniel L. Bakst, West Palm Beach, FL, for Debtor.

### ORDER STAYING ADVERSARY PROCEEDING

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on May 20, 1998, for consideration of the motion of the Defendant, Seth J. Herbst, M.D. ("Herbst"), to compel arbitration, for abstention and for a stay of proceedings. Having considered the argument of counsel and for the reasons set for the below, the Court stays this adversary proceeding and directs the parties to complete arbitration.

At the time that the Debtor, Ackerman, Herbst & Pliskow, M.D., P.A. (the "Debtor"), filed its bankruptcy petition, it was in the midst of an arbitration proceeding with Herbst. The parties had conducted three days of arbitration and were set to complete the proceeding on February 23, 24 and 25, 1998. However, the Debtor filed its bankruptcy petition on February 20, 1998, staying the arbitration. On April 1, 1998, the Debtor filed a complaint to determine validity, priority and amount of claim and an objection to

claim against Herbst. Although, in the wherefore clause of the one-count complaint, the Debtor seeks merely a determination of the validity, priority and amount of Herbst's claim, the Debtor alleges throughout the complaint that Herbst breached the Employment Agreement between the parties. Herbst contends in his motion for abstention that despite the Debtor's allegations, the complaint does not raise "core" matters but instead raises only state law claims. Herbst's motion raises two issues: (1) whether this Court should abstain from this matter; and (2) if the Court does not abstain, whether this Court should compel arbitration.

Section 1334(c) of Title 28 of the United States Code sets forth the circumstances upon which a District Court may or must abstain. This section provides:

(1) Nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

(2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

Subsection (2) is termed the mandatory abstention provision whereby a court must abstain if: (1) the motion is timely, (2) the claim is based on state law, (3) the claim is only "related to" the case under title 11, (4) the matter could not have been brought in federal court, absent the court's bankruptcy jurisdiction, (5) an action is commenced in a State forum, and (6) the action can be timely adjudicated in that forum. The parties dispute whether the claim is "only 'related to' the case under title 11", whether an action has been commenced in a State forum, and whether it can be timely adjudicated in that forum.

■ The Debtor contends that its complaint, in essence, is an objection to claim, and that as such, it clearly arises under title 11. The Court looks to the substance rather than to the form of the asserted "core" proceeding. *See, In re Republic Reader's Service, Inc.,* 81 B.R. 422, 429 (Bankr.S.D.Tex. 1987). There has been no proof of claim filed by Herbst. Further, the complaint filed by the Debtor seeks a determination of liability, if any, by the Debtor to Herbst, and whether Herbst has breached the Employment Agreement. Essentially, the Debtor's complaint is nothing more than a breach of contract claim and is not a dispute that "arises under" or "arises in" a case under title 11.

■ The tougher question posed before the Court is whether an arbitration proceeding is equivalent to a proceeding "commenced in a State forum" as contemplated in Section 1334. There appear to be no reported cases wherein a court has considered this precise issue. One court has broached the subject but decided to leave the issue for another day. *See, In re Chorus Data Systems, Inc.,* 122 B.R. 845, 855, n. 10 (Bankr. D.N.H.1990). Of course, this issue can be completely avoided if this Court were to agree with the court in *In re World Solar Corp.,* 81 B.R. 603 (Bankr.S.D.Cal.1988) which determined that a pending state court action is not a prerequisite for mandatory abstention. Nevertheless, like the majority of courts that have considered this issue, this Court finds that some type of "proceeding" must be pending for mandatory abstention to apply. Although this Court believes it would be justified in finding that an arbitration proceeding constitutes a pending state court matter, it is unwilling at this point to make that determination. There is no need to make that determination because the Court will abstain from the instant matter pursuant to Section 1334(c)(1).

■ Section 1334(c)(1) permits a court to abstain from a proceeding in the interest of justice. The Debtor contends that it would be more efficient for this Court to try this

case rather than sending it to arbitration. The Debtor presumes that this matter is a "core" proceeding. As determined above, this dispute is a "non-core" matter. As such, if this Court were to try the instant dispute, it would be limited, in its adjudication, to issuing a report and recommendation to the District Court, which would then be required to review the case *de novo*. It seems more efficient to require the parties to continue with their pending arbitration proceeding for a determination of the amount, if any, of Herbst's claim. However, abstention may not result in the most appropriate disposition of this adversary proceeding.

In the case of *In re Guy C. Long, Inc.*, 90 B.R. 99 (E.D.Pa.1988), the district court adopted the report of the bankruptcy court which denied the motion to abstain under Section 1334(c)(1) because it determined that it was better to stay the adversary proceeding pending resolution of the arbitration than to dismiss the matter and lose jurisdiction. In that case, the bankruptcy had been initiated, and the debtor filed an adversary proceeding against the defendant, who then moved the bankruptcy court to abstain from the matter and to stay the adversary proceeding pending arbitration. As in the instant case, the debtor in the *Guy C. Long* case argued that the Federal Arbitration Act

was inapplicable. The bankruptcy court in that case noted that "[s]ome courts have held that where a debtor seeks enforcement of a contract, it must embrace its terms *cum onere*—including its arbitration provision." *Id.* at 102, *citing, In re Morgan,* 28 B.R. 3 (9th Cir. BAP 1983); *Schilling v. Canadian Foreign Steamship Co.,* 190 F.Supp. 462, 463 (S.D.N.Y.1961). This Court agrees with the *Guy C. Long* court that the identity of the plaintiff (i.e., the debtor, as opposed to a bankruptcy trustee or non-debtor litigant) is a factor to be considered in determining whether to compel arbitration. As such, the Court determines that this matter shall be stayed pending resolution of the arbitration. Accordingly, it is

ORDERED that Herbst's motion to abstain is denied. The parties are directed to continue with the pending arbitration proceeding. This adversary proceeding shall be stayed pending the resolution of the arbitration.