WM. S. NEWMAN BREWING CO.,
INC., Plaintiff,

v.

C. SCHMIDT AND SONS,
INC., Defendant.

No. 88–CV–699.

United States District Court,
N.D. New York.

June 7, 1990.

Ronald H. Sinzheimer, Albany, N.Y. (Peter J. Molinaro, of counsel), for plaintiff.

DeGraff Foy Conway Holt–Harris & Mealey, Albany, N.Y. (John D. Rogers, of counsel), for defendant.

## MEMORANDUM–DECISION AND ORDER

McCURN, Chief Judge.

### INTRODUCTION

Defendant has moved for an order of this court (1) waiving the provisions of Local Rule 10(m) with respect to motions for reconsideration; and (2) reinstating Paragraph "21" of defendant's answer and ordering that the underlying action for contract damages be stayed pending arbitration pursuant to a written agreement between the parties.

### BACKGROUND

Plaintiff Wm. S. Newman Brewing Co. commenced this action on or about December 8, 1987, in the U.S. Bankruptcy Court for the Northern District of New York, seeking damages for alleged breach of contract by the defendant, C. Schmidt & Sons, Inc. The contract called for the defendant to brew and supply beer to the plaintiff. Defendant filed an answer to the complaint raising as an affirmative defense in Paragraph "21" lack of jurisdiction because the contract dispute was subject to arbitration pursuant to the contract. The defendant subsequently moved in Bankruptcy Court to stay the case pending arbitration on February 1, 1988. The plaintiff in turn filed a cross-motion to strike Paragraph "21" from the answer.

By order of the Bankruptcy Court, dated June 13, 1988, 87 B.R. 236, the defendant's motion to stay the action pending arbitration was denied, and plaintiff's motion to strike the affirmative defense contained in Paragraph "21" of the answer was granted. The Bankruptcy Court then transferred the action to this court for a jury trial on the merits of the breach of contract claim. This court, by order dated August 27, 1988, adopted the findings of fact and conclusions of law of the Bankruptcy Court, denied a motion by the defendant to dismiss, granted a motion by the plaintiff to strike the defendant's first two affirmative defenses, which included Paragraph

"21",[1] and directed that the matter be placed on the court's jury docket for trial.

The defendant moves for an order waiving the 10–day time limitation for motions for reconsideration contained in Local Rule 10(m), and directing that Paragraph "21" be reinstated and the action stayed pending arbitration. Defendant contends that a change in the law governing the review of arbitration clauses in bankruptcy cases mandates a reversal of this court's prior order. Plaintiff counters that defendant's motion should properly be considered as a motion for relief from a prior judgment or order pursuant to Fed.R.Civ.P. 60(b), and that defendant does not meet the requirements of Rule 60(b). Plaintiff further argues that even under the longer "reasonable" time period allowed for motions for reconsideration of a prior order under Rule 60(b), defendant's motion is now time-barred.

The court previously heard oral argument on defendant's motion in Albany on February 6, 1990. At that time, counsel for the defendant raised two issues which were not adequately briefed by either party in the motion papers. First, defendant's counsel contended that the decision by the Bankruptcy Court not to stay the proceedings pending arbitration was not a "final order," and thus Rule 60(b) would be inapplicable. Counsel argued instead that the decision was interlocutory, and could be reopened at any time at the court's discretion. Second, defendant's counsel contended that the court should be bound by the Third Circuit's decision in *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith*, 885 F.2d 1149 (3d Cir.1989) (holding that district court has no discretion to deny enforcement of arbitration clause in bankruptcy proceeding), rather than Second Circuit caselaw holding that the district court has such discretion. The court directed counsel for both parties to provide further briefing, and has now heard oral argument on these issues.

## DISCUSSION

According to the defendant, a change in the law regarding a court's discretion to stay a bankruptcy case reflected by the *Hays* decision now requires the court to stay the proceedings pending arbitration. Defendant contends that at the time this court issued its prior order adopting the conclusions of the Bankruptcy Court, the leading case on this issue was *Zimmerman v. Continental Airlines*, 712 F.2d 55 (3d Cir.1983).[2] The court in *Zimmerman* held that "while a bankruptcy court would have the power to stay proceedings pending arbitration, the use of this power is left to the sound discretion of the bankruptcy court." *Id.* at 59. The court also identified certain factors a bankruptcy court should consider in determining whether to stay a case pending arbitration.

Defendant next argues that the *Zimmerman* case was effectively overruled by the Third Circuit in *Hays & Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149 (3d Cir.1989). In *Hays*, the court held that strong federal policy *mandates* that the federal courts enforce valid arbitration agreements unless enforcement would "seriously jeopardize the objectives of [the Bankruptcy] Code." *Id.* at 1161. The Court concluded that any concern that a federal district court would provide a better and more appropriate forum for resolution of a dispute was insufficient to overcome the policy in favor of arbitration. *Id.* at 1161. Rather, "the Arbitration Act represents a clear congressional rejection of the judicial skepticism regarding the utility of arbitration and a clear congressional mandate that private parties who contract for arbitration shall not have their

---

1. The other affirmative defense stricken from the answer was lack of subject matter jurisdiction.

2. Defendant asserts that Pennsylvania law applies to this case, since it is the law selected to cover disputes in the contract. Section 16.1 of the agreement states:

16.1 *Governing Law.* Regardless of the place of contracting, place of performance or otherwise, this Agreement and all amendments and modifications hereof, and the rights and remedies of the parties hereunder, shall be construed under, and governed by, the laws of the Commonwealth of Pennsylvania.

bargains frustrated." *Id.* at 1160. Defendant urges that "[t]he earlier conclusion of this Court that it had discretion to refuse to enforce the parties' arbitration clause in this ... claim should be revisited in light of the *Hays* decision." Defendant's Memorandum, pp. 7–8.

Plaintiff contends that neither *Zimmerman* nor *Hays* is controlling in this area, and that the *Zimmerman* case was not the basis for the Bankruptcy Court's, and implicitly, this court's, decisions. Plaintiff states in its memorandum that the *Zimmerman* case was cited by Bankruptcy Judge Justin Mahoney in his decision as an example of his analysis of the conflict between the Bankruptcy Code and Arbitration Act. The basis for Judge Mahoney's decision, according to the plaintiff, was a line of Second Circuit cases which hold that the decision to stay a bankruptcy proceeding pending arbitration is a discretionary one with the Bankruptcy Court. *See e.g., Double TRL, Inc. v. F.S. Leasing, Inc.,* 65 B.R. 993 (Bkr.Ct.E.D.N.Y.1986); *Allegaert v. Perot,* 548 F.2d 432 (2d Cir.1987); *In re Al–Cam Development Corp.,* 99 B.R. 573 (Bkr.Ct.S.D.N.Y.1989). This is still the rule in the Second Circuit, which is the law applicable to this issue and the law followed by Judge Mahoney, according to the plaintiff. Plaintiff also maintains that the federal courts were, at the time of the court's August 27, 1988 order, and are now, split on the issue of whether the bankruptcy courts have discretion to refuse to stay proceedings pending arbitration.

Before addressing the question of whether the court has discretion to deny enforcement of the arbitration clause, the court must first consider whether defendant's motion is properly before it in the first place. Defendant has clearly, and concededly, not complied with Local Rule 10(m), which requires a party seeking reconsideration to file his motion not later than 10 days after entry of the judgment, order, or decree concerned. Plaintiff asserts that the motion must be considered, if at all, as a motion for relief from a prior judgment or order pursuant to Fed.R.Civ.P. 60(b). Rule 60(b) provides that, upon motion by a party, the court may relieve the party from "a final judgment, order, or proceeding" for five specified reasons, or for "any other reason justifying relief from the operation of the judgment." Plaintiff argues that the defendant's motion does not fall within any of these categories for relief, and in any event was not brought within a "reasonable time" as required by Rule 60(b).

■ The defendant argues in his supplemental memorandum of law, however, that the court's decision not to stay the proceedings pending arbitration is not a "final judgment, order, or proceeding," and Rule 60(b) therefore does not apply here. *See Diematic Mfg. Corp. v. Packaging Indus., Inc.,* 516 F.2d 975, 977 (2d Cir.), *cert. denied,* 423 U.S. 913, 96 S.Ct. 217, 46 L.Ed.2d 141 (1975). The decision not to stay pending arbitration is instead, defendant asserts, an interlocutory decision which the court may reopen in its discretion until the matter is finally decided on the merits. *See Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12, 103 S.Ct. 927, 935, 74 L.Ed.2d 765 (1983). The court finds this argument persuasive. In the exercise of its discretion, however, the court determines that the decision not to stay the proceedings pending arbitration should not be disturbed.

Defendant's motion must be governed, as plaintiff urges, by the "law of the case." According to that doctrine:

> a decision on an issue of law made at one stage of a case becomes a binding precedent to be followed in successive stages of the same litigation.

*Laffey v. Northwest Airlines, Inc.,* 740 F.2d 1071, 1102 (D.C.Cir.1984) (quoting 1B *Moore's Federal Practice,* § 0.404[1] ). Under the law of the case doctrine, a "prior decision of legal issues should be followed unless there is substantially different evidence at a subsequent trial, new *controlling* authority, or the prior decision was clearly erroneous and would result in injustice." *Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392 (9th Cir.1981) (emphasis added).

There is no new evidence that would bear on this case. The *Hays* decision relied upon by the defendant is not new controlling authority, nor has the defendant demonstrated that the court's decision was so clearly erroneous as to result in injustice to the defendant. The defendant argues that the choice of law provision contained in the agreement between the parties, which indicates that Pennsylvania law is to apply to disputes, requires the court to apply Third Circuit caselaw to this proceeding. However, the issue presented here pertains to the interpretation of bankruptcy law in conjunction with other federal statutes. The parties' choice of state law does not govern the federal questions presented here. This court is bound, as the Bankruptcy Court was, by Second Circuit caselaw. The *Hays* decision is, at most, persuasive authority, which is not a sufficient ground upon which this court may reopen consideration of a prior decision. As the Second Circuit has stated:

> It is not enough … that defendant[ ] could now make a more persuasive argument … than we would have thought likely when the case was last here. As Judge Magruder said [in *White v. Higgins*, 116 F.2d 312, 317 (1st Cir.1940)], "mere doubt on our part is not enough to open the point for full reconsideration." The law of the case will be disregarded only when the court has "a clear conviction of error" with respect to a point of law on which its previous decision was predicated [citation omitted]. …

*Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir.1981). A case from another circuit, which arguably does not even represent the majority position among the circuit courts on the issue of a district court's discretion with regard to stays pending arbitration in bankruptcy cases, creates no "clear conviction of error" on the part of this court. It is also well-settled law that a mere change in the law or in the judicial view of an established rule of law after a judgment is rendered is generally not a sufficient basis for reconsideration. *NLRB v. Koenig Iron Works*, 681 F.2d 130, 147 (2d Cir.1982).

Accordingly, the defendant's motion is denied.

IT IS SO ORDERED.