**Thomas F. MILLER, Trustee of the Estate of Dale E. Barlage, and Dale E. Barlage, Plaintiffs,**

v.

**DEAN WITTER REYNOLDS, INC., a Delaware Corporation, Defendant.**

**Civ. No. 3–91–0523.**

United States District Court, D. Minnesota, Third Division.

Dec. 16, 1991.

Kevin W. Rouse, Rouse Law Office, St. Louis Park, Minn., for plaintiffs.

Rolfe A. Worden, G. Marc Whitehead, and Scott E. Richter, Popham, Haik, Schnobrich & Kaufman, Minneapolis, Minn., for defendant.

### MEMORANDUM AND ORDER

MAGNUSON, District Judge.

#### I. INTRODUCTION

This matter is before the court upon the defendant's motion to compel arbitration of all claims under Counts IV through IX of the complaint. For the following reasons, the court grants the defendant's motion and stays all further litigation in this matter pending arbitration of all claims under Counts IV through IX of the complaint.

## II.  FACTS

Barlage was an account executive with Dean Witter from 1971 until he was discharged on August 29, 1989.  On April 10, 1990, Barlage filed for Chapter 7 bankruptcy protection.  Miller was appointed trustee of Barlage's bankrupt estate.  Miller and Barlage filed this action in federal district court on August 28, 1991.  Counts I–III of the complaint contain bankruptcy claims on behalf of Miller.  Counts IV–XI of the complaint contain certain employment claims on behalf of Miller and Barlage.

As a registered broker with the National Association of Securities Dealers, Inc., Barlage completed a Uniform Application for Securities Industry Registration, known in the industry as a U–4 form.  Paragraph 5 of that form contains an arbitration clause in which Barlage agreed to arbitrate any dispute, claim or controversy between Dean Witter and himself.

## III.  DISCUSSION

 Section 4 of the Federal Arbitration Act provides that:

> [Upon] being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement.

9 U.S.C. § 4.  There is no real dispute over the fact that Barlage is bound to arbitrate his claims alleged in Counts IV–IX.  Plaintiffs argue, however, that Miller is not bound to arbitrate the claims because he is a trustee in bankruptcy.

In *Hays and Co. v. Merrill Lynch,* 885 F.2d 1149 (3rd Cir.1989), the Third Circuit held that for non-core claims a trustee in bankruptcy stands in the shoes of the debtor for the purposes of the arbitration clause.  The court reasoned that the trustee's claims derived from the debtor.  The court concluded that the trustee was, therefore, bound by the arbitration clause to the same extent as was the debtor.  *Id.* at 1153.  A non-core claim is a claim that does not involve a substantive right created by the bankruptcy laws and would exist outside of bankruptcy.  *Id.* at 1156, n. 9 (citing *Matter of Wood,* 825 F.2d 90, 97 (5th Cir. 1987).

The claims asserted in Counts IV–XI of the complaint are non-core claims.  They are employment claims and would exist outside of the bankruptcy laws.  Miller's non-core claims derive from Barlage's claims.  Miller is thereby bound by the arbitration clause to the same extent as Barlage.

Accordingly, IT IS ORDERED that:

The defendant's motion to compel arbitration of all claims under Counts IV–IX is GRANTED.  All further litigation in the matter is STAYED pending arbitration of those claims.