985 F.2d 553
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In Re: J. Elmer COLLINS, Debtor. Pipers 3, Incorporated,
d/b/a Pipers, Incorporated; K & K Construction
Company, Incorporated, Plaintiffs-Appellants,
v.
J. Elmer COLLINS; Jo S. Widener, Trustee, Defendants-Appellees.
 No. 92-1472.
 United States Court of Appeals,
Fourth Circuit.
 Argued: October 28, 1992
Decided: February 3, 1993
 
 Appeal from the United States District Court for the Western District of Virginia, at Big Stone Gap. James C. Turk, Chief District Judge. (CA-91-186-B, CA-91-187-B)
 Henry Smith Keuling-Stout, Big Stone Gap, Virginia, for Appellants.
 Karen Kay Bishop, COLLINS LAW OFFICE, Wise, Virginia, for Appellees.
 Jo Wick, Bristol, Virginia, for Appellees.
 W.D.Va.
 AFFIRMED.
 Before ERVIN, Chief Judge, HALL, Circuit Judge, and DOUMAR, United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 OPINION
 
 1
 Pipers 3, Inc. and K & K Construction, Inc. (hereinafter collectively "The Pipers Companies" or "creditors") appeal an order of the United States District Court for the Western District of Virginia entered on March 25, 1992. The district court rejected the creditor's request that the debtor, J. Elmer Collins, be denied discharge of their $232,000 lien granted by the United States Bankruptcy Court pursuant to 11 U.S.C. § 727(a)(4)(A). Pipers 3, Inc. v. Collins (In Re Collins), Ch. 7 Case Nos. 7-90-00206, 7-90-00207 (Bankr. W.D. Va. Mar. 25, 1992). The Pipers Companies raise six issues on appeal which we compress into two: (1) did the district court err in ruling that Collins' misstatements and contradictions were not intentional, fraudulent misrepresentations requiring that the discharge of the lien be denied; and (2) did the district court err in applying the "freshstart" doctrine. For the reasons set forth in the district court opinion, we affirm.
 
 
 2
 * J. Elmer Collins filed for bankruptcy under Chapter 7 of the Bankruptcy Code on July 24, 1990. 11 U.S.C. §§ 701-766. At the time of filing, Collins owed the creditors $232,000 for the exterior construction of a building which he readily disclosed in his filings. Accompanying Collins' bankruptcy petition was a statement of financial affairs and a schedule and summary of debts and property. In response to questions on the schedules Collins claimed that he did not own any property and was not employed during the previous six years. Collins' sworn statements were that he neither currently held any business interests nor had he started any businesses during the previous six-year period.
 
 
 3
 The Pipers Companies filed a motion in opposition to Collins' disclosure alleging that he falsified his statement of financial affairs by not listing all of his business endeavors for the past six years. The creditors contended that Collins was the owner/operator of J-MAAT Furniture Company, president of Coeburn-Chrysler Plymouth Dodge, an employee of Coeburn Land Development, Inc., and an Officer and Director of Coeburn Home Furnishing, Inc. Furthermore, creditors claimed that Collins failed to disclose that he had life insurance in the amount of $500,000, held a property lease, and earned passive income of $25,472 in 1989.
 
 
 4
 The creditors presented to the bankruptcy court several documents on which Collins claimed interests in property or listed an employment history that directly contradicted his statements in his bankruptcy petition. These documents, with the exception of the application to Chrysler Corporation for the proposed dealership, were all prepared in the same six-year period during which Collins asserted that he did not have any business activities. The evidence revealed discrepancies between what Collins actually was engaged in and what he revealed.
 
 
 5
 Collins explained these discrepancies at trial. He testified that he no longer was employed at J-MAAT, his wife's business, but had been volunteering his time without a salary for the past two years. Collins introduced evidence showing that his wife and three sons were the sole stockholders of the company. He testified that he never received any compensation from Coeburn Land Development Company because the company failed to accomplish its mission. Collins also avered that the alleged lease was no longer in existence because it was terminated when his wife sold the subject land to the Coeburn Land Development Company as a result of his failure to make payments to the Company.
 
 
 6
 Finally, Collins asserted that he did not disclose his involvement with Coeburn Home Furnishing and Coeburn Chrysler-Plymouth because they never materialized as going concerns. He refuted the allegation that he earned over $25,000 in passive income by his testimony and by producing a letter from his accountant stating that attributing that income to him was a mistake, as it belonged to his wife. Furthermore, Collins claimed that the letter he sent to Chrysler stating that he had paid $316,000 for the land for the Chrysler dealership was an assertion of the land's value if he had actually paid for it. (i.e., Collins lied to Chrysler). The property for the proposed Chrysler dealership belonged to his wife. Collins presented no evidence to contradict the existence of the insurance policy, although there was no evidence of its cash or surrender value, if any.
 
 
 7
 The bankruptcy court held for Collins and ordered discharge of his obligations, including The Pipers Companies $ 232,000 lien, pursuant to 11 U.S.C. § 727(a)(4)(A) which requires the discharge of a debt unless the debtor has knowingly or fraudulently made a false statement in connection with the bankruptcy. The bankruptcy court opined that the debtor had not made such a false oath, reasoning that Collins' explanations of the inconsistencies were plausible and satisfactory.
 
 
 8
 On appeal pursuant to 28 U.S.C. § 158, the district court rejected the creditors' contention that Collins fraudulently misrepresented his assets with the intention of defrauding his creditors. The district court reviewed the bankruptcy order under the standard set forth in Williamson v. Fireman's Fund Insurance Co., 828 F.2d 249 (4th Cir. 1987), which permits reversal only if the findings of fact were clearly erroneous, and held that the factual findings could survive review under that standard. The explanations of the discrepancies offered by Collins were plausible, and the bankruptcy court was in the best position to determine the credibility of the witnesses and the evidence.
 
 II
 
 9
 Our review of the record, the bankruptcy court's opinion, the district court's opinion, the arguments of counsel, and our decision in Williamson require that we affirm the district court. We held in Williamson that a court's findings of fact with respect to whether a Chapter 7 debtor knowingly and fraudulently made a false oath could not be set aside unless the findings were clearly erroneous. Examining the record as a whole, we cannot find that the district court's fact finding was clearly erroneous.*
 
 
 10
 Accordingly, we affirm on the reasoning of the district court. Pipers 3, Inc. v. Collins, Nos. 91-0186-B, 91-0187-B (W.D. Va. Mar. 25, 1992).
 
 AFFIRMED
 
 
 *
 Some may argue that Collins' conduct shows his willingness to lie so that he should not receive the benefits of bankruptcy protection. Our job is not to determine whether the debtor is an honest person, but rather to determine if the decision of the lower court was supported by the evidence. The Bankruptcy Court made the determination as to Collins' credibility to which we must defer unless its decision was clearly erroneous