In re P & G DRYWALL
AND ACOUSTICAL
CORP., Debtor.

Dennis G. BEZANSON, Chapter 7
Trustee of P & G Drywall and
Acoustical Corp., Plaintiff,

v.

CONSOLIDATED CONSTRUCTORS
& BUILDERS, Defendant.

Bankruptcy No. 90–20042(7).
Adv. No. 93–2007.

United States Bankruptcy Court,
D. Maine.

July 14, 1993.

Bruce B. Hochman, Black, Lambert, Coffin & Rudman, Portland, ME, for debtor.

Michael J. Pearce, Portland, ME, for plaintiff/trustee.

George F. Burns, Amerling & Burns, Portland, ME, for defendant.

### MEMORANDUM OF DECISION

JAMES A. GOODMAN, Chief Judge.

P & G Drywall and Acoustical Corp. (the "Debtor") filed its bankruptcy case on July 19, 1990 pursuant to 11 U.S.C. Chapter 7. Nearly three years later on January 20, 1993, the Chapter 7 Trustee ("Plaintiff") filed this adversary proceeding against Consolidated Constructors & Builders ("Defendant"). The two count complaint seeks to collect monies allegedly due the Debtor for certain construction-related services it provided Defendant pre-petition pursuant the parties' Subcontract Agreement (the "Contract").[1] Count I is styled as a § 542(b) turnover proceeding, and Count II is grounded on unjust enrichment. Defendant answered the complaint, asserting a counterclaim, and then filed a Motion to Stay and Compel Arbitration (the "Motion"), the matter currently before the Court.

The Motion is based on a provision in the Contract which provides, in part:

(b) With respect to any disputes between the Contractor [Defendant] and the Subcontractor [Debtor] arising under this Subcontract, the Subcontractor agrees that the Contractor, at its sole option and in its sole discretion, may elect to submit such disputes to arbitration in which such event all claims between the parties hereunder shall be subject to arbitra-

---

**1.** After this matter was taken under advisement, Plaintiff was granted leave to file an amended complaint, which alleges a third count for De- fendant's alleged willful violation of the automatic stay provided by § 362. This count is not subject to the motion to compel arbitration.

tion.... This agreement to arbitrate shall be specifically enforceable under the prevailing law. The award rendered shall be final and judgment may be entered upon the award by any court having competent jurisdiction thereof.

Affidavit of Donald Starr, Exhibit A, ¶ 35. Defendant contends that this Court should enforce the arbitration provision, and stay this action pending the outcome of an arbitration proceeding. Plaintiff objects and, for a variety of reasons, desires to have the matter heard by this Court.[2]

The resolution of this issue is dependent upon an examination of two federal statutes—the Federal Arbitration Act, 9 U.S.C. §§ 1–14 and the Bankruptcy Code, 11 U.S.C. §§ 101–1330. Historically, courts facing this issue have held that the bankruptcy court has complete discretion to decide whether to refuse a party's request to arbitrate a particular dispute in accordance with a contractual provision to do so. *In re F & T Contractors, Inc.*, 649 F.2d 1229 (6th Cir.1981); *In re Double TRL, Inc.*, 65 B.R. 993 (Bankr.E.D.N.Y.1986); *Matter of R.M. Cordova Intern., Inc.*, 77 B.R. 441 (Bankr.D.N.J.1987); *In re Al–Cam Development Corp.*, 99 B.R. 573 (Bankr. S.D.N.Y.1989). This Court believes these courts have succumbed to judicial inertia by relying on older cases and ignoring recent developments in the Supreme Court, as well as congressional action with regard to the Bankruptcy Amendments and Federal Judgeship Act of 1984 (the "1984 Amendments.")

■ This Court agrees with the analysis taken by the Third Circuit in *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149 (3rd Cir.1989). Therein, the Court of Appeals acknowledged the strong federal policy favoring arbitration, as articulated by the Supreme Court:

> The Arbitration Act, standing alone, therefore mandates enforcement of agreements to arbitrate statutory claims. Like any statutory directive, the Arbitration Act's mandate may be overridden by

a contrary congressional command. The burden is on the party opposing arbitration, however, to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue.

*Id.*, at 1156, *quoting Shearson/American Exp., Inc. v. McMahon*, 482 U.S. 220, 226–27, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987). The *Hays* court then held that:

> the district court lacked the authority and discretion to deny enforcement of the arbitration clause unless Hays had met its burden of showing that the text, legislative history, or purpose of the Bankruptcy Code conflicts with the enforcement of an arbitration clause in a case of this kind, that is, a non-core proceeding ...

*Id.* In the final analysis, the court determined that the party opposing the arbitration had not sustained its required burden of proof.

The court bolstered its opinion by analyzing the 1984 Amendments with regard to the changes in the jurisdictional scheme of the Bankruptcy Code as enacted in 1978. It recognized that the "original but not exclusive" jurisdiction given to the district court in the 1984 Amendments sharply contrasted with the broad jurisdiction originally granted. In a case decided prior to the 1984 Amendments, *Zimmerman v. Continental Airlines, Inc.*, 712 F.2d 55 (3rd Cir.1983), *cert. denied*, 464 U.S. 1038, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984), the court had noted the then-existing conflict between the policy favoring arbitration and the broad jurisdictional grants of the 1978 Bankruptcy Code. In resolving these competing policies, *Zimmerman* held that "while a bankruptcy court would have the power to stay proceedings pending arbitration, the use of this power is left to the sound discretion of the bankruptcy court." *Id.*, at 59–60. *Hays* implicitly overrules *Zimmerman* to some extent, and represents the Third Circuit's recognition that

---

**2.** It should be noted that Plaintiff has not debated Defendant's assertions that this dispute meets the requirements for arbitration under the Federal Arbitration Act, and therefore this Court accepts this proposition as true.

*Zimmerman,* a frequently-cited case for the proposition that this issue was subject to a bankruptcy court's sole discretion, is outdated because it was decided prior to the recent Supreme Court cases regarding arbitration, and given that the "conflict" between the two statutory policies has been ameliorated with the passing of the 1984 Amendments.

*Hays'* reasoning has been followed by many courts. *In re Chorus Data Systems, Inc.,* 122 B.R. 845, 852 (Bankr.D.N.H.1990). *Matter of Interco Inc.,* 137 B.R. 993 (Bankr.E.D.Mo.1992); *Miller v. Dean Witter Reynolds, Inc.,* 134 B.R. 640 (D.Minn. 1991). Those cases which have adhered to the notion that the bankruptcy court has complete discretion have ignored *Hays,* and instead relied on *Zimmerman. See, e.g., In re Chas. P. Young Co.,* 111 B.R. 410 (Bankr.S.D.N.Y.1990).

█ In the present case, the Plaintiff has not sustained its burden of proving a conflict between the two federal statutes that would justify this Court's denial of enforcement of the arbitration clause bargained for between the parties. As a Chapter 7 case, no reorganization could be threatened by the delay, if any, that arbitration would bring. Moreover, the Plaintiff's argument that this case is already three years old and thus arbitration would hinder distribution to creditors is without merit, because it was Plaintiff's three year delay in bringing this suit which deferred a speedier recovery on this claim. Defendant has not filed a proof of claim, thereby submitting to the jurisdiction of this Court, and arguments of "efficiency" have "been held not to *per se* justify refusal to enforce an arbitration clause even in the bankruptcy context." *Chorus,* 122 B.R. at 852.

In addition, the complaint is essentially nothing more than a receivable or breach of contract action. Turnover proceedings pursuant to § 542(b) have been limited to those seeking the return of *undisputed* funds. *See, In re M.S.V., Inc.,* 97 B.R. 721 (D.Mass.1989) (discussing the difference between turnover and breach of contract actions). Where, as here, the contractual entitlement to the funds are contested, the action is more appropriately deemed a breach of contract action. Plaintiff's argument that the funds due constitute a postpetition receivable has also been rejected by this Court. *In re Ames Dept. Stores, Inc.,* 136 B.R. 353 (Bankr.S.D.N.Y.1992). The services for which Plaintiff is owed the monies were rendered pre-petition, giving the Plaintiff an unmatured claim as of the filing. The obligation to pay, and thus the claim, arose pre-petition regardless of the fact that payment was not due until postpetition. Therefore, the nature of this action does not implicate the provisions and policies of the Bankruptcy Code to such a significant degree that arbitration would be improper.

Finally, referral to arbitration is justified notwithstanding the fact that it may result in piecemeal litigation. The third count in the amended complaint for willful violation of the automatic stay will not necessitate overly duplicative litigation in this Court. Once the parties have completed their arbitration, the issues surrounding the stay violation will be sufficiently narrowed to permit efficient and swift adjudication in this Court.

The Defendant's Motion is granted. This proceeding, including Count III for violation of the automatic stay, shall be stayed pending the resolution of this matter through arbitration proceedings.

The foregoing constitutes findings of fact and conclusions of law pursuant to F.R.B.P. 7052. An appropriate order shall enter.