In re PISGAH CONTRACTORS,
INC., Debtor.

PISGAH CONTRACTING, INC.,
Plaintiff–Appellee,

v.

Martin L. ROSEN, and wife, Doris R.
Rosen, Defendants–Appellants.

Civ. No. 1:94CV193.

United States District Court,
W.D. North Carolina,
Asheville Division.

Nov. 2, 1995.

David G. Gray, Westall, Gray & Connolly, Asheville, NC, for Debtor.

Gary S. Hemric, James, McElroy & Diehl, Charlotte, NC, Anthony S. diSanti, DiSanti, Watson & McGee, Boone, NC, Robert A. Lefkowitz, Hendrick Law Firm, Winston-Salem, NC, for Defendants–Appellants.

David G. Gray, Westall, Gray & Connolly, Asheville, NC, for Plaintiff–Appellee.

### *MEMORANDUM AND ORDER*

THORNBURG, District Judge.

**THIS MATTER** is before the Court on the appeal of Martin and Doris Rosen (Rosens or Appellants) from the Findings of Fact and Conclusions of Law and Judgment entered September 19, 1994, by Chief U.S. Bankruptcy Court Judge George R. Hodges. For the reasons stated below, the Court reverses the Bankruptcy Court.

### I. STANDARD OF REVIEW

The decision of the Bankruptcy Court is reviewed by this Court pursuant to a two-step process. Reversal of the findings of fact may occur only where the findings are clearly erroneous. *In re Collins*, 1993 WL 22001, 1993 U.S.App. LEXIS 1928 (4th Cir. Feb. 3, 1993) (citing *Williamson v. Fireman's Fund Ins. Co.*, 828 F.2d 249 (4th Cir.1987)); *In re Bryson Properties, XVIII*, 961 F.2d 496 (4th Cir.), *cert. denied*, 506 U.S. 866, 113 S.Ct. 191, 121 L.Ed.2d 134 (1992). The conclusions of law of the Bankruptcy Court are reviewed *de novo*. *Id.*, at 499.

### II. FINDINGS OF FACT

This case arises from a contract dispute between the Rosens and Pisgah Contractors, Inc. (Pisgah or Debtor). In the summer of 1988, the Rosens contracted with Pisgah for the construction of a home in Linville Ridge, North Carolina. Although the contract originally listed May 15, 1989, as the target for completion, the home was still incomplete in August 1989, when the parties decided to go their separate ways. In October 1989, Pisgah filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

In the bankruptcy proceeding, Pisgah initiated an adversary proceeding against the Rosens for breach of contract, collection of its account receivable and other relief. The account receivable purportedly due from the Rosens constituted the major asset of the estate. The parties had drastically differing views of the events leading up to the severing of their relationship. At trial, the Bankruptcy Court sat as trier of fact.

### III. DISCUSSION

#### A. Jurisdiction.

■] The first issue on appeal is whether the Bankruptcy Court had jurisdiction to conduct the trial as a core proceeding. Bankruptcy courts do not sit as Article III judges and thus, suffer from limited jurisdiction.

> Federal bankruptcy courts, like the federal district courts, are courts of limited jurisdiction. Their jurisdiction is defined by 28 U.S.C. §§ 157 and 1334. Three classes of controversy can arise before a bankruptcy court: core proceedings, non-core related proceedings, and non-core unrelated proceedings. Federal bankruptcy judges are authorized to enter appropriate orders and judgments in core proceedings. Bankruptcy judges may also hear non-core related proceedings, but they may not enter final orders; in such cases they are usually required to submit proposed findings and conclusions to the district court where they are subject to *de novo* review.

*In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992) (citations omitted).

■] Whether or not a particular case arising within a bankruptcy is a "core" proceeding is not necessarily answered by reference to 28 U.S.C. § 157, whose wording does not limit core proceedings to the examples listed. Those examples generally relate to matters of administration of the estate, actions by the trustee to avoid, and matters concerning property of the estate. 1 *Collier on Bank-*

*ruptcy,* § 3.01, at 3–42 (15th ed.1995). An action to recover for a pre-petition breach of contract or account receivable is not listed in 28 U.S.C. § 157.

Here, the complaint's first cause of action alleges breach of contract and failure to pay $213,913.78 owed to Pisgah by the Rosens. The remaining causes of action are for unfair trade practices pursuant to North Carolina law, breach of fiduciary duty, and injury to business reputation.

The Supreme Court has ruled that a bankruptcy court judge does not have the authority to adjudicate a state-law breach of contract claim arising out of a pre-petition contract brought by the debtor against a creditor who has not filed a claim in the bankruptcy proceeding.[1] *Northern Pipeline Constr. Co. v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). In response to this ruling, Congress enacted 28 U.S.C. § 157, a statute designed to clarify core versus non-core proceedings. Unfortunately, such has not been the case. Nonetheless,

> [i]t should be clear that actions to collect prepetition accounts receivable are straightforward *Marathon*–type contract actions, and are thus not core proceedings. However, courts have used sections 157(b)(2)(A) (matters of administration), 157(b)(2)(E) (turnover), and 157(b)(2)(*O*) ("other proceedings") to obliterate *Marathon.* These cases ... should not be followed.

1 *Collier on Bankruptcy,* at 3–52.

It does not appear the Fourth Circuit has ruled on the issue of whether an action to collect prepetition accounts receivable is a core proceeding. However, the Second Circuit has recently pronounced that an action to collect a disputed pre-petition account receivable is a non-core proceeding. *In re Orion Pictures Corp.,* 4 F.3d 1095, 1102 (2d Cir.1993), *cert. dismissed,* 511 U.S. 1026, 114 S.Ct. 1418, 128 L.Ed.2d 88 (1995), *accord, St. George Island, Ltd. v. Pelham,* 104 B.R. 429, 432 (Bankr.N.D.Fl.1989); *In re Crabtree,* 55 B.R. 130 (Bankr.E.D.Tenn.1985); *In re B &*

*L Oil Co.,* 46 B.R. 731, 736 (Bankr.D.Colo. 1985); *In re Atlas Automation, Inc.,* 42 B.R. 246, 247 (Bankr.E.D.Mich.1984). The Eleventh Circuit has followed the First Circuit's conclusion that a legal action to collect an account receivable arising out of a contract made *after* the bankruptcy proceeding is a core proceeding. *In re Holywell Corp.,* 913 F.2d 873, 881 (11th Cir.1990) (citing *In re Arnold Print Works,* 815 F.2d 165 (1st Cir. 1987)).

At least one bankruptcy court within this Circuit has held an action to collect a pre-petition account receivable is a core proceeding because such accounts are property of the estate and the suit is merely one for turnover of such property. *In re Wilson Feed Co., Inc.,* 142 B.R. 123, 125 (Bankr. E.D.Va.1992). The court also found the action supported and furthered the administration of the estate, and thus, qualified as a core proceeding. 28 U.S.C. § 157(b)(2)(A). "Requiring the parties to relitigate this matter in state court would not only undermine judicial economy, but also impose an administrative burden on the bankruptcy estate, and thereby detrimentally affect the recovery of assets for creditors." *Id.,* at 126. However, a district court within this District has assumed without deciding that such actions are non-core proceedings. *In re Florida Hotel Properties, Ltd. Partnership,* 163 B.R. 757, 758 (W.D.N.C.1994).

Here, the major asset of the estate is this account receivable. The adversary proceeding was initiated to force the Rosens to pay the sum allegedly owed in connection with the contract. Requiring these parties to relitigate the case (as to which the statute of limitations may have run) in state court would only serve to further prolong the administration and conclusion of the Chapter 11 proceeding. Nonetheless, this Court cannot ignore the conclusion of the leading authority on bankruptcy law or the holdings of such strong courts as the First, Second, and Eleventh Circuits. This adversary proceeding is not a core proceeding.

1. The record does not disclose whether or not the Rosens filed a claim, but they did assert a

counterclaim in the adversary proceeding.

■ It is clear, however, that this is a related proceeding which the Bankruptcy Court could have heard if the parties consented to its jurisdiction. 1 *Collier on Bankruptcy*, at 3–30; 28 U.S.C. § 157(c)(2). Early in the adversary proceeding, the Rosens moved to dismiss the case on the ground that this was not a core proceeding pursuant to 28 U.S.C. § 157. In their motion to dismiss, the Rosens argued the law is uncertain as to whether the collection of accounts receivable are core proceedings but the causes of action for breach of contract, unfair trade practices and business reputation injury clearly were not core. Defendants' Brief in Support of Motion to Dismiss, Motion to Stay Proceeding and Motion to Compel Arbitration, included in Record on Appeal, at 4. Pisgah argues this amounts to an admission that actions to collect accounts receivable are core proceedings and thus, the Rosens waived this issue.

An argument that the law is unclear does not constitute a waiver. However, the Rosens did later consent to have the case heard by the bankruptcy court when they admitted the jurisdictional allegations of the complaint in their answer. Paragraph five of the complaint alleged jurisdiction within the Bankruptcy Court pursuant to 28 U.S.C. § 157. In response to that paragraph, the Answer and Counterclaim states "Admitted."

■ "The substantial weight of authority, indicates that a party can impliedly consent to entry of judgment by the bankruptcy court in a non-core related matter." *In re Johnson*, 960 F.2d at 403. In *Johnson*, the defendants acquiesced by silence in a bankruptcy court order providing for a method of distribution. Only after the court determined that distribution should occur differently, did defendants raise an objection concerning jurisdiction. The Fourth Circuit concluded that acquiescence and participation constituted implied consent to have the non-core related proceeding determined by the Bankruptcy Court. *Id.*

■ Other circuits have also concluded that implied consent may be given. In *In re Southern Indus. Banking Corp.*, 809 F.2d 329, 331 (6th Cir.1987), the Sixth Circuit held that when a defendant admits the jurisdictional allegations of a complaint, he impliedly consents to jurisdiction over a non-core related proceeding. That, of course, is exactly what occurred here. *See also, In re Men's Sportswear, Inc.*, 834 F.2d 1134, 1137 (2d Cir.1987). Thus, the Rosens impliedly consented to having the Bankruptcy Court determine this case. *In re Johnson*, 960 F.2d at 403.

■ Moreover, by asserting a counterclaim against the debtor in the adversary proceeding, the Rosens subjected themselves to the equitable power of the Bankruptcy Court. *In re Kaiser Steel Corp.*, 95 B.R. 782 (Bankr.D.Colo.1989), *aff'd*, 109 B.R. 968 (D.Colo.1989); *but see, Beard v. Braunstein*, 914 F.2d 434 (3rd Cir.1990). This Court concludes that the Bankruptcy Court properly exercised jurisdiction over a non-core related proceeding to which the parties had at least impliedly consented.

## B. Arbitration.

■ The next issue is whether the Bankruptcy Court should have referred this matter for arbitration pursuant to the contract between the parties. That contract contained the following provision

> All claims or disputes between the Contractor and Owner rising out of or relating to the Contract Documents, or the breach thereof, shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect unless the parties mutually agree otherwise as subject to an initial presentation of the claim or dispute to the Architect as required under Paragraph 15.5.

Article 15.8 of the Contract, dated August 3, 1988.

After the adversary proceeding was begun, the Rosens moved to dismiss or compel arbitration. The Bankruptcy Court denied the motion to compel, stating the policy in favor of arbitration does not apply where third parties are involved. Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, Denying Motion to Stay Proceeding, and to Compel Arbitration, filed November 28, 1990.

Prior to the Bankruptcy Code as amended in 1984, there were significant conflicts between the Federal Arbitration Act (9 U.S.C. § 3, *et seq.*) and the Bankruptcy Reform Act of 1978. *Hays and Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 885 F.2d 1149, 1160–61 (3rd Cir.1989). Those conflicts led most bankruptcy courts to refuse applications to lift the automatic stay imposed on the filing of a petition so that arbitration could be pursued. *Zimmerman v. Continental Airlines*, 712 F.2d 55 (3rd Cir.1983), *cert. denied*, 464 U.S. 1038, 104 S.Ct. 699, 79 L.Ed.2d 165 (1984). However, a series of Supreme Court cases as well as the 1984 amendment to the Code led many courts to determine that bankruptcy courts do not have the discretion to refuse arbitration in cases involving non-core related proceedings. *See e.g., Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Northern Pipeline, supra; Shearson/American Express v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987).

As the Third Circuit stated

> The message we get from these recent cases is that we must carefully determine whether any underlying purpose of the Bankruptcy Code would be adversely affected by enforcing an arbitration clause and that we should enforce such a clause unless that effect would seriously jeopardize the objectives of the Code. Where, as here, a [debtor-in-possession] seeks to enforce a claim ... in an adversary proceeding ..., we perceive no adverse effect on the underlying purposes of the Code from enforcing arbitration-certainly no adverse effect of sufficient magnitude to relieve a ... court of its mandatory duty under the Arbitration Act as interpreted in the recent case law.

*Hays and Co.*, 885 F.2d at 1161. It should be noted that *Hays* involved an action brought in district court by the debtor's trustee to recover damages for securities violations, breach of contract and negligence against Merrill Lynch, a third party. The court determined that because the parties had entered into an arbitration agreement, the arbitration should go forward despite the bankruptcy proceeding.

The *Hays* decision has been followed by most courts when non-core related proceedings are involved. *See e.g., Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 121 (2d Cir.1991); *In re Chorus Data Systems, Inc.*, 122 B.R. 845 (Bankr.D.N.H. 1990); *Midwest Communications Corp. v. Black Entertainment Television*, 144 B.R. 354 (Bankr.E.D.Ky.1992); *In re P & G Drywall & Acoustical Corp.*, 156 B.R. 704 (Bankr.D.Me.1993). Although the Fourth Circuit does not appear to have addressed the issue directly, it has recognized the strong policy favoring arbitration despite the bankruptcy proceedings of one party. *In re Stewart Foods, Inc.*, 64 F.3d 141, 145 (4th Cir.1995) (citing *Hays, supra*); *In re A.H. Robins Co., Inc.*, 42 F.3d 870 (4th Cir.1994) (implementing an arbitration in the bankruptcy proceedings through district court); *Delta Financial Corp. v. Paul D. Comanduras & Assoc.*, 973 F.2d 301, 306 n. 7 (4th Cir.1992) (noting in connection with a bankruptcy proceeding, "[n]othing we have said should indicate any suggestion on our part that the matter of the dissolution of the partnership is not a proper subject for arbitration").

Debtor argues that *Hays* only requires arbitration in matters which are derivative of the debtor, citing as examples personal injury, wrongful death and other state law claims. In all the cases here relied on, including *Hays*, the facts involved a dispute concerning breach of contract. *See e.g., In re Chorus Data Systems, Inc., supra* (when debtor initiated an adversary proceeding against creditor with whom it had entered into a prepetition contract containing an arbitration clause, the court held it must refer to arbitration); *Midwest Communications Corp., supra* (the court held a dispute between debtor and a third party over a prepetition breach of contract was a non-core related proceeding which must be arbitrated); *In re P & G Drywall & Acoustical Corp., supra* (the court determined that an adversary proceeding brought by the trustee to recover for prepetition services rendered by debtor to a third party must be arbitrated because of such a clause in the contract). Indeed, one court within this Circuit has held

that post-petition contracts between a debtor-in-possession and a third party which contain an arbitration clause must be honored by arbitration, despite an on-going bankruptcy proceeding. *Office of Cereales of Republic of Tunisia v. Coastal Carriers Corp.,* 136 B.R. 642 (D.Md.1991).

Accordingly, in my view the only proper inquiry for a bankruptcy court in these circumstances is whether the text or purposes of the Bankruptcy Code would be violated so significantly by enforcing an arbitration clause in the particular factual circumstances of the case before the Court that it can fairly be said that Congress would not have intended those provisions or purposes to be overridden by the Federal Arbitration Act. Furthermore in making that inquiry it is not open to the bankruptcy court to define a "conflict" with the Bankruptcy Code so broadly as to swallow up the policies underlying the Arbitration Act.... Finally, it is important to remember that the burden of proof is on the debtor in opposing the lifting of the automatic stay.

*In re Chorus Data Systems, Inc.,* 122 B.R. at 852. The debtor here did not carry that burden. The nature of the action, to collect for services rendered prepetition, does not implicate the provisions and policies of the Bankruptcy Code to such an extent that arbitration would interfere with the same. *In re P & G Drywall & Acoustical Corp.,* 156 B.R. at 706. Nor does the argument of delay seem merited here where the adversary proceeding was initiated in 1990 and tried in 1994.[2] It does not appear from the record that the Rosens filed a proof of claim in the bankruptcy proceeding. *Id.* In addition, this is the type of claim commonly arbitrated. *Office of Cereales,* 136 B.R. at 645.

Having concluded that the matter should have been referred for arbitration, the Court notes there was nothing in the record disputing the parties' agreement to arbitrate or the scope of the arbitration clause. *Shearson Lehman Hutton, Inc.,* 944 F.2d at 121. The issue of whether this contract involved interstate commerce does not appear to have been raised.[3] However, the Court notes the architect involved in the project resides in Virginia and the construction involved the interstate transportation of goods and materials. *Maxum Foundations, Inc. v. Salus Corp.,* 779 F.2d 974, 978 n. 4 (4th Cir.1985). The debtor did not challenge this aspect of the case and the Rosens were not required to make an affirmative showing by specific evidence documenting the interstate aspect. *Id.* The Court therefore concludes that the matter should have been referred to arbitration.

Because the Court concludes the case must be remanded, it does not reach the other issues raised on appeal. The issues of Doris Rosen's status as a party to the action and the Appellants' counterclaim will be determined by arbitration.

## IV. ORDER

IT IS, THEREFORE, ORDERED that the Findings of Fact and Conclusions of Law and Judgment entered on September 19, 1994, are **REVERSED** and this matter is **REMANDED** to the Bankruptcy Court for referral to arbitration of the contractual dispute between the parties in accordance with the provisions of their pre-petition agreement.

---

**2.** This Court in no manner ascribes this delay to the Bankruptcy Court. The motion to compel arbitration was filed in November 1990, and promptly resolved by the Bankruptcy Court.

**3.** The record contains the motion to compel arbitration and the Bankruptcy Court's Order on that motion, but no response from the debtor.